UNITED STATES of America,
Plaintiff–Appellee,

v.

Hazeline WALKER,
Defendant–Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Charles HARRISON,
Defendant–Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Minnie Ann WATSON,
Defendant–Appellant.

Nos. 89–5062 to 89–5064.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 3, 1989.

Decided March 28, 1990.

George Vernon Laughrun, III, Goodman, Carr, Nixon & Laughrun, Charles Guy Monnett, III, Jeffrey S. Rupe, Charlotte, N.C., for defendants-appellants.

Carl Horn, III, Chief Asst. U.S. Atty., Charlotte, N.C. (Thomas J. Ashcraft, U.S. Atty., on brief), for plaintiff-appellee.

Before RUSSELL and WILKINSON, Circuit Judges, and WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.

PER CURIAM:

Hazeline Walker, Charles Harrison, and Minnie Ann Watson were convicted upon pleas of guilty of conspiracy to operate an illegal gambling business in violation of 18 U.S.C. §§ 371 and 1955. Harrison also pled guilty to tax evasion under 26 U.S.C. §§ 7201, 7262, and 7272. Defendants were sentenced under the Federal Sentencing Guidelines,* Walker and Watson at the low end of the applicable range (10 months), and Harrison at the middle of the applicable range (13 months). On appeal, each defendant contends that the district court improperly applied the Guidelines at sentencing. As to each of the defendants, we affirm.

Defendants contend that the district judge erred in adopting the findings and conclusions contained in the presentence report without giving defendants advance

---

* The Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551, *et seq.*

notice of his tentative findings. The presentence reports each proposed a Guideline range of 10–16 months. Each defendant filed objections, Harrison on February 18, 1989, Watson on March 2, 1989, and Walker on March 9, 1989, arguing on various grounds that the proposed Guideline ranges were improper. The matters were set for sentencing on March 14, 1989. The court gave defendants no notice of its tentative findings before the sentencing hearings. However, the court provided an opportunity for defense counsel to be heard regarding their objections before the imposition of sentence in each case. None of the defendants offered to present supporting evidence. After hearing argument in each of the cases, the court denied defendants' objections and adopted the probation officer's findings as presented in the presentence report. Thereafter, defendants appealed, arguing that the district judge erred by denying their objections and by accepting the presentence report without apprising the defendants of his tentative findings.

Section 6A1.3 of the Sentencing Guidelines governs the resolution of disputed factors and provides as follows:

(a) When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor. In resolving any reasonable dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.

(b) The court shall resolve disputed sentencing factors in accordance with Rule 32(a)(1), Fed.R.Crim.P. (effective Nov. 2, 1987), notify the parties of its tentative findings and provide a reasonable opportunity for the submission of oral or written objections before imposition of sentence.

According to the commentary, the existence of a reasonable dispute as to any factor relevant to sentencing requires only that the sentencing court ensure that the parties have an adequate opportunity to present relevant information. The commentary continues by noting that "written statements of counsel or affidavits of witnesses may be adequate under many circumstances," and further notes that "an evidentiary hearing may sometimes be the only reliable way to resolve disputed issues." However, under the commentary it remains within the discretion of the court to determine the most appropriate procedure "in light of the nature of the dispute, its relevance to the sentencing determination, and applicable case law." The commentary concludes by stating that when "sentencing factors are the subject of reasonable dispute, the court should, where appropriate, notify the parties of its tentative findings and afford an opportunity for correction of oversight or error before sentence is imposed."

Under the facts of this case, we hold that the district judge's failure to notify the parties of his tentative findings prior to the sentencing hearing does not constitute reversible error. The Guidelines do not require tentative findings in all cases. In appropriate cases, tentative findings are intended to help facilitate resolution of factual objections before the sentencing hearing, if possible. *See* Guidelines § 6A1.2 and Commentary. Although the better practice is to make tentative findings and notify the parties of those findings before the sentencing hearing, in the instant case the district judge's failure to make tentative findings did not prevent substantial compliance with Guideline § 6A1.3(b). The district judge received defendants' objections in advance of the hearing, provided the parties an adequate opportunity to address those objections at the hearing and resolved the disputed factors in accordance with Rule 32(a)(1), Fed.R.Crim.P., before imposition of sentence. In fact, no defendant offered any evidence in support of the objections. Each relied on his own statements and arguments of counsel addressed to the court at the sentencing hearing. The district judge provided the parties an

adequate opportunity to present information on the record regarding the disputed factors. Under the facts of this case, we conclude that the district judge's adoption of the presentence report's findings was not improper. Accordingly, the judgment of the district court is

AFFIRMED.