991 F.2d 792
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael David SLONAKER, Defendant-Appellant.
 No. 92-5804.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 29, 1993
Decided: April 21, 1993
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Parkersburg. Charles H. Haden, II, Chief District Judge. (CR-92-43)
 Robert K. Tebay, III, LANTZ & TEBAY, for Appellant.
 Michael W. Carey, United States Attorney, Hunter P. Smith, Jr., Assistant United States Attorney, for Appellee.
 S.D.W.Va.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before LUTTIG, Circuit Judge, and BUTZNER and CHAPMAN, Senior Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Michael David Slonaker entered a guilty plea to conspiracy to distribute more than fifty kilograms of marijuana in violation of 21 U.S.C.A. § 846 (West Supp. 1992). He appeals his sentence,[1] alleging that the district court erred in enhancing his base offense level under guideline section 2D1.1(b)(1),[2] refusing him a three-point reduction for acceptance of responsibility, and failing to depart on the ground that his criminal history category overstated his past criminal conduct. We affirm in part and dismiss in part.
 
 
 2
 Slonaker and his two brothers all participated in the conspiracy; Slonaker bought and sold marijuana in large amounts while his brothers sold smaller quantities. Controlled buys were made from all of them during the investigation. On August 10, 1990, a search warrant was executed at Slonaker's residence. Small quantities of marijuana were found in his car and in the saddle bags of his motorcycle. Triple beam scales and two suitcases containing marijuana residue were found in the basement. Two unloaded shotguns were found on a closet shelf in the house lying on top of four small plastic bags of marijuana.
 
 
 3
 The probation officer did not recommend an enhancement for possession of a dangerous weapon in connection with a drug offense. U.S.S.G. § 2D1.1(b)(1). In response to the government's objection, the probation officer explained that Slonaker said the guns were obtained for protection after threats were received, and that he did not believe Slonaker would have felt a need to protect the small amount of marijuana in the bags under the guns.
 
 
 4
 At sentencing, the district court found that section 2D1.1(b)(1) applied because of the proximity of the guns to the drugs in a place where the conspiracy was carried on; it increased the base offense level by two levels. All parties agreed that Slonaker had accepted responsibility. The district court therefore reduced the base offense level by two levels, the maximum amount possible under the 1991 guidelines in effect on the date of sentencing. Although Slonaker argued that his criminal history category of V overstated the seriousness of his past conduct, the district court disagreed and refused to depart under section 4A1.3.
 
 
 5
 We find no clear error in the district court's factual determination that the guns were possessed within the meaning of the guideline. Because the guns were present in a place where the conspiracy was carried out or furthered, it was not clearly improbable that there was a connection between the guns and the offense. See United States v. Apple, 962 F.2d 335, 338 (4th Cir. 1992); U.S.S.G. § 2D1.1, comment. (n.3).
 
 
 6
 The court did not err in failing to make tentative findings on this issue and to notify the parties of its findings before sentencing. Guideline section 6A1.3(b) requires tentative findings only in appropriate cases. United States v. Walker, 901 F.2d 21, 22 (4th Cir. 1990). Here, although the probation officer did not recommend an enhancement for the shotguns, defense counsel was aware that the issue was disputed by the government, and the court resolved it after giving both sides an opportunity to present relevant information as required by Fed. R. Crim. P. 32(a)(1). We do not review the district court's discretionary decision not to depart on the ground of overstated criminal history. United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir.), cert. denied, 498 U.S. 819 (1990).
 
 
 7
 Within a few days of Slonaker's sentencing, the 1992 guidelines went into effect. The 1992 amendment to section 3E1.1 allows a three-level reduction for acceptance of responsibility. Slonaker moved for reconsideration of his sentence under Fed. R. Crim. P. 35, asking that the court amend his sentence by reducing his offense level by an additional level. The motion was correctly denied by the district court. Although an obvious error may be corrected within the appeal period under Fed. R. Crim. P. 35(c), the court may not otherwise alter a sentence except on remand or after a post-sentencing motion for a substantial assistance departure. United States v. Apple, 962 F.2d at 337. Moreover, although certain amendments are retroactive and may be considered for a sentence reduction under 18 U.S.C.A. § 3582(c)(2) (West Supp. 1992), the amendment to section 3E1.1 was not intended to be retroactive, and thus could not be applied to Slonaker's sentence. See U.S.S.G. § 1B1.10(a), (d) (Nov. 1992).
 
 
 8
 The judgment of the district court is therefore affirmed; to the extent Slonaker challenges the district court's failure to depart, the appeal is dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED IN PART; DISMISSED IN PART
 
 
 [1]
 The appeal is timely because it was filed within the thirty-day extension period and the district court found excusable neglect. See United States v. Reyes, 759 F.2d 351 (4th Cir.), cert. denied, 474 U.S. 857 (1985)
 
 
 [2]
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)