996 F.2d 1212
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darryl BLALOCK, a/k/a Mookie, Defendant-Appellant.
 No. 91-5459.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 5, 1993.
Decided: June 30, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert N. Maletz, Senior Judge, sitting by designation. (CR-88-305-JFM)
 Stephen J. Kleeman, Baltimore, Maryland, for Appellant.
 E. Thomas Roberts, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 Richard D. Bennett, United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER, PHILLIPS, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 The defendant, Darryl Blalock, appeals his sentence received for convictions on four related drug offenses arising out of a large-scale PCP distribution operation.[1] Specifically, Blalock contends that the district court erred when it adjusted his sentence upward two levels after finding that he had obstructed the administration of justice under U.S.S.G. § 3C1.1, and erred when it adjusted his sentence upward four levels after finding that he played an organizing or leadership role in the offense under U.S.S.G. § 3B1.1. We affirm.
 
 
 2
 The facts of Blalock's offense conduct were extensively detailed in our prior opinion, in which Blalock's case was heard on appeal with United States v. Fletcher, 945 F.2d 725, 726-27 (4th Cir. 1991), cert. denied, 60 U.S.L.W. 3580 (1992). In Fletcher, we affirmed all of Blalock's convictions except one, and, because we were unable to distinguish parts of Blalock's sentence from his various remaining convictions, we vacated his sentence and remanded to the district court for resentencing. Fletcher, 945 F.2d at 728. We expressed no opinion at that time as to the validity of his claimed sentencing errors. Fletcher, 945 F.2d at 728.
 
 
 3
 On remand, the district court conducted a resentencing hearing of Blalock, who again contested the presentence report's calculations attributing to him a two level upward adjustment for obstruction of justice under U.S.S.G. § 3C1.1 and a four level upward adjustment for his role in the offense as an organizer or leader under U.S.S.G. § 3B1.1. After hearing argument, the district court concluded that there was ample evidence that Blalock had obstructed justice and played an organizing or leadership role in the overall conspiracy. The district court then sentenced Blalock to 235 months for counts one, two, three, and four, to run concurrently.[2] Blalock now appeals this sentence.
 
 
 4
 Blalock first argues that the district court erred when it enhanced his offense level two points after finding that he had obstructed the administration of justice. We review a district court's factual finding that a defendant obstructed justice under the clearly erroneous standard of review. United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir. 1989).
 
 U.S.S.G. § 3C1.1 provides:
 
 5
 If the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense, increase the offense level from Chapter Two by 2 levels.
 
 
 6
 To clarify, the commentary to this section was amended in 1990 to include a list of examples of conduct that do not warrant an upward adjustment for obstruction of justice. § 3C1.1, comment. (n.4) (as amended 1990). That list includes:
 
 
 7
 (a) providing a fake name or identification document at arrest, except where such conduct actually resulted in a significant hindrance to the investigation or prosecution of the instant offense;
 
 
 8
 U.S.S.G. § 3C1.1, comment. (n.4(a)) (1990).[3] Cf. U.S.S.G. § 3C1.1, comment. n.3(g) (1990). Thus, giving Blalock the benefit of any doubt and applying the 1990 comment to qualify for a two point upward adjustment for the giving of an alias, the record must reflect that Blalock's conduct significantly hindered the investigation or prosecution of his federal crimes. We affirm the finding of the district court that it did.[4]
 
 
 9
 The relevant facts are not in dispute.[5] A federal arrest warrant was issued for Blalock on September 12, 1988. In October of 1988, Blalock was arrested by Frederick County, Maryland law enforcement officials for an unrelated crime. At that time, Blalock gave the false name "Derrick Bowman" to the state authorities and was accordingly released on his personal recognizance pending trial on those charges. Blalock was not arrested for his federal charges until January 5, 1989.
 
 
 10
 At Blalock's first sentencing, the district court explicitly found that Blalock had evaded arrest and had given an alias to the state authorities in order to continue to evade arrest for his federal charges. At Blalock's resentencing, the district court adhered to its earlier finding of obstruction of justice, and reaffirmed the two level upward adjustment. A fair reading of the resentencing transcript shows that the district court acted solely on Blalock's giving of the false name in Frederick County as its reason for adding two levels under § 3C1.1.
 
 
 11
 The crux of Blalock's argument is that U.S.S.G.s 3C1.1 requires a finding of obstruction of justice to relate specifically to the instant offense, so his giving of a false name in an unrelated state arrest should not be construed to have obstructed justice in his federal prosecution. Furthermore, Blalock argues that even if there was some obstruction in the investigation of the instant offenses, it did not hinder the Government's investigation or prosecution of the instant offense enough to warrant a two level upward adjustment under the Guidelines.
 
 
 12
 We are of opinion that Blalock's giving of an alias to the Frederick County law enforcement authorities did significantly hinder the Government in the instant offense, amounting to an obstruction of justice. Blalock undoubtedly could have been arrested much sooner on his federal charges had he used his real name in Frederick County. Instead, he gave a false name, evading arrest and escaping prosecution for his federal crimes. Blalock's conduct, although occurring in an unrelated state crime, was sufficiently linked to the instant offense by its obvious intended effect, e.g., to avoid the discovery of his outstanding federal warrant by state authorities and allow him to continue to evade arrest for the instant crimes. This act delayed his federal prosecution for some months. We are of opinion that the Government's investigation was significantly hindered, and that accordingly, the district court did not err when it found that Blalock's conduct obstructed the administration of justice in the instant offense under U.S.S.G. § 3C1.1.
 
 
 13
 Blalock next argues that there was insufficient evidence for the district court to have found that he played an organizing or leadership role in a criminal activity involving five or more participants, under U.S.S.G. § 3B1.1.[6] We review a determination by the district court that a defendant was an organizer or leader under the clearly erroneous standard also. United States v. Sheffer, 896 F.2d 842, 846 (4th cir.), cert. denied, 498 U.S. 968 (1990).
 
 
 14
 Blalock first contends that the evidence was insufficient for the district court to have found that there were five or more participants involved in the criminal activity. A participant is defined in the commentary to that section as "a person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. § 3B1.1, comment. (n.1). The record discloses at least five participants. Blalock himself is counted. United States v. Fells, 920 F.2d 1179, 1182-85 (4th Cir. 1990), cert. denied, 59 U.S.L.W. 3838 (1991). Donald Harley and Darris Hamlin both testified that they were participants at trial, and Blalock concedes this. The record also supported Robert Fletcher's participation in Blalock's PCP distribution organization. Robert Fletcher's recruitment of Chris Dreher and Eric Hinton[7], both minors Fletcher was convicted of employing in this case, adds two more members to the overall criminal activity.[8] So, a total of at least six participants is supported by the record.
 
 
 15
 Blalock further contends, however, that there was insufficient evidence to have found that he actually lead or organized all five or more of these participants. Blalock misreads the guidelines. He received a four point upward adjustment because the district court found that he played an organizing or leadership role in a criminal activity that included five or more participants-he need not have actually directed five or more participants. There was no need to show that he controlled, recruited, or ordered all five participants, only that he was a leader or organizer in a scheme that included five or more participants. The record, as discussed above, supports the finding that there were at least five participants in Blalock's criminal activity. All that is left is whether the record also supports the district court's finding that Blalock played an organizing or leadership role in that same criminal activity.
 
 
 16
 The commentary to § 3B1.1 describes factors to consider when distinguishing a leadership and organizing role from a managerial or supervisory role. These factors include:
 
 
 17
 [t]he exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.
 
 
 18
 U.S.S.G. § 3B1.1(a), comment. (n.3).
 
 
 19
 The record here supports such examples of Blalock's conduct. These include Donald Harley's testimony that he was recruited by Blalock to deliver packages and hold PCP; that he was directed by Blalock to perform various drug related activities; and that it was Blalock, not Darris Hamlin, who directed him in this criminal activity. Moreover, Darris Hamlin also testified that it was Blalock who directed Harley to do various drug related activities, not him, and that furthermore, in one instance, Blalock counted the money from a drug sale, kept it, and never gave Hamlin any part of the profits. This testimony, for example, supports the district court's finding under the guidelines that Blalock was the leader and organizer of the PCP operation, and we will not disturb that finding on appeal.
 
 
 20
 Finally, Blalock argues that the district court failed to follow the sentencing procedures of U.S.S.G. § 6A1.3.[9] We find this argument to be without merit. Blalock was given ample opportunity at his resentencing hearing to present any matter before the district judge, but did not. We have previously stated that "[a] mere objection to the finding in the presentence report is not sufficient. The defendant has an affirmative duty to make a showing that the information is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate." United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). Moreover, Blalock had actual notice of his potential sentence upon resentencing because the district court had already imposed sentence on him once before, and the circumstances had not changed significantly upon resentencing except to his benefit.[10]
 
 
 21
 The judgment of the district court is accordingly
 
 
 22
 AFFIRMED.
 
 
 
 [1]
 Blalock was convicted of one count of conspiracy to distribute and to possess with the intent to distribute phencyclidine under 21 U.S.C. § 846, two counts of distribution of phencyclidine under 21 U.S.C. § 841(a)(1), and one count of attempted distribution of phencyclidine under 21 U.S.C. § 846. United States v. Fletcher, 945 F.2d 725, 728 (4th Cir. 1991). In that case, we held that there was insufficient evidence to sustain his conviction for the charge of employment of a person under the age of eighteen to commit an offense under 21 U.S.C. § 846 and 21 U.S.C. § 845b (now § 861). Fletcher, 945 F.2d at 728
 
 
 [2]
 This was not the length, however, of his original sentence. During the period between these appeals, Blalock testified in a case for the government, and upon motion made by the United States, the district court gave Blalock a four level downward departure in this case for his substantial assistance under Fed. R. Crim. P. 35. This resulted in a reduction of his original sentence of 360 months, to his present sentence of 235 months
 
 
 [3]
 The amendment that added this application note was meant to clarify § 3C1.1. U.S.S.G. App. C 347 (effective date November 1, 1990). Because this amendment was for the purpose of clarifying an existing guideline, we may give it substantial weight. United States v. Deigert, 916 F.2d 916, 917-18 (4th Cir. 1990)
 
 
 [4]
 At the first sentencing hearing, the district court found "specifically that the defendant also evaded capture and when arrested in Frederick County, Maryland, provided authorities with false identifying information in order to continue evading arrest for the instant offense."
 
 
 [5]
 The district court's original finding that Blalock obstructed justice was based on both Blalock's use of an alias to evade arrest and Blalock's intent to destroy evidence. The Government now concedes in its brief, as it had in the previous appeal, that there was insufficient evidence on the issue of the destruction of evidence. It argues that the giving of an alias to Frederick County law enforcement officers in an unrelated state arrest by Blalock is a sufficient reason for finding that Blalock obstructed justice. Blalock concedes that a false name was given to the state authorities, but argues that this is insufficient for a finding of obstruction of justice
 6 U.S.S.G. § 3B1.1(a) provides:
 Based on the defendant's role in the offense, increase the offenselevel as follows:
 (a) If the defendant was an organizer or leader of a criminalactivity that involved five or more participants or was otherwise extensive, increase by 4 levels.
 
 
 [7]
 There was some evidence that Eric Hinton, nicknamed "Pookie," had a role in the criminal activity with Blalock, independent of Fletcher's employment
 
 
 [8]
 Robert Fletcher, Blalock's codefendant at trial, was convicted of attempted distribution of PCP under 21 U.S.C. § 846 and employment of a person under the age of eighteen to commit an offense under 21 U.S.C. § 845b (now § 861). The mere fact that Fletcher was acquitted of a conspiracy charge does not refute the record showing that he was associated with Blalock's criminal activity
 9 U.S.S.G. § 6A1.1(a) provides that when a sentencing factor is reasonably in dispute, the parties shall be allowed to present information to the court regarding that factor. U.S.S.G. § 6A1.3(b) provides that disputed matters in a defendant's presentence report shall be resolved in accordance with Fed. R. Crim. P. 32(a)(1), and that the sentencing court shall notify the parties of its tentative findings to allow a reasonable opportunity for the submission of oral or written objections before imposition of sentence. This guideline, however, does not mandate an evidentiary hearing in every case where a dispute with the presentence report exists, § 6A1.3(b), comment., nor does it require advance notice of the court's tentative findings in every case. See United States v. Walker, 901 F.2d 21, 22-23 (4th Cir. 1990).
 
 
 [10]
 The two changed circumstances were our reversal of Blalock's one conviction of employing a minor under 21 U.S.C.s 845(b), and the Government's motion under Rule 35 for Blalock's substantial assistance in another case. The district court, on resentencing, made a substantial reduction in the sentence, from 360 to 235 months