36 F.3d 1095
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel Thomas LAWSON, Defendant-Appellant.
 No. 93-5708.
 United States Court of Appeals, Fourth Circuit.
 Submitted: August 23, 1994.
Decided: September 26, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Frank W. Bullock, Jr., Chief District Judge. (CR-91-50-1-WS)
 William E. Martin, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.
 Benjamin H. White, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before MURNAGHAN, HAMILTON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Samuel Thomas Lawson was originally sentenced to a term of seventy months after he was convicted of possession of more than 100 kilograms of marijuana with intent to distribute, 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1994), and assaulting or resisting a federal officer in the performance of his duties, 18 U.S.C.A.Sec. 111 (West Supp.1994). He was sentenced to a consecutive term of sixty months for his conviction of carrying and using a firearm in a drug trafficking crime, 18 U.S.C.A. Sec. 924(c) (West Supp.1994). In his first appeal, we affirmed his convictions but vacated his sentence and remanded for resentencing in light of the Supreme Court's decision in United States v. Dunnigan, 61 U.S.L.W. 4180 (U.S.1993). United States v. Lawson, No. 91-5367 (4th Cir. May 4, 1993).
 
 
 2
 On remand, the district court found that a portion of Lawson's trial testimony was perjured, and reimposed the same sentence. Lawson again appeals, contending that the district court erred in refusing to consider new objections to the sentence calculation, that the court failed to make the findings necessary under Dunnigan to establish perjury, and that it erred in not making tentative findings prior to the resentencing. We affirm.
 
 
 3
 Lawson was employed by Adam Blalock and his daughter to build secret compartments into trucks they owned for a produce business. Lawson saw marijuana residue in the secret compartments after the trucks were unloaded and was asked on occasion to put packages he thought contained money into the compartments.
 
 
 4
 On the night of his arrest, Blalock was away and Lawson had been left in charge on the rural property. He was sleeping in the office area of a large garage where he was in the process of modifying a truck when federal agents executed a search warrant. One of the agents entered the office and saw Lawson pointing a shotgun at him. The agent shot Lawson several times. The shotgun later proved to be unloaded. While he was in the hospital, Lawson was interviewed by a federal agent and gave a statement in which he admitted that he knew Blalock was involved in marijuana trafficking.
 
 
 5
 At trial, Lawson testified that he did not point the shotgun at the agent who found him in the office. He said the agent entered the room and saw him, left, and then returned and shot him. He also testified that he "didn't have any idea" what the secret compartments were for, and that he did not remember what he said to the agent who interviewed him in the hospital.
 
 
 6
 Lawson's sentence calculation included an adjustment for obstruction of justice, United States Sentencing Commission, Guidelines Manual, Sec. 3C1.1 (Nov.1990), based on Lawson's trial testimony. However, the district court did not make a specific finding that Lawson had committed perjury.
 
 
 7
 On remand, the district court gave Lawson the benefit of the doubt as to whether he could not recall what he said when interviewed in the hospital. It found the rest of his testimony described above to be statements made by Lawson under oath which "were untrue, were known by him to be untrue, were deliberately untrue, and ... were not due to confusion, mistake or faulty memory." The court declined to consider objections to the sentence calculation which had not been raised at the first sentencing hearing.
 
 
 8
 We find first that the district court did not err in refusing to entertain challenges to the sentence calculation which could have been raised at the first sentencing hearing. The mandate rule forecloses relitigation of issues previously decided by the district court or otherwise forfeited because the defendant did not raise them in the district court or on appeal. The rule applies on remand for resentencing. United States v. Bell, 5 F.3d 64, 66 (4th Cir.1993). The rule makes exception for extraordinary circumstances, specifically: (1) a dramatic change in legal authority; (2) the appearance of significant new evidence not obtainable earlier; or (3) a blatant error in a prior decision which will result in serious injustice if uncorrected. Id. at 67.
 
 
 9
 Before the resentencing hearing, Lawson filed a Statement of Position on Sentencing Factors in which he challenged for the first time the amount of drugs attributed to him under guideline section 2D1.1. He argued that the 100 kilograms alleged in the indictment was not an element of the offense and was "mere surplusage." Therefore, he claimed that no amount of drugs attributable to him had been shown by a preponderance of the evidence, and he should receive the lowest possible offense level--six instead of twenty-six.
 
 
 10
 Although he did not make the argument in the district court, on appeal Lawson argues that this issue comes under the "change in the law" exception to the mandate rule. He asserts that under this Court's decision in United States v. Gilliam, 987 F.2d 1009 (4th Cir.1993), district courts are now required to determine the amount of drugs reasonably foreseeable to a defendant acting in concert with others. Because guideline section 1B1.3 has always required such a finding, Gilliam did not change the controlling legal authority.[1] Therefore, it was not within the district court's discretion to reopen the issue of the amount of marijuana attributable to Lawson as relevant conduct.
 
 
 11
 Lawson also challenged the application of guideline section 2A2.2 (Aggravated Assault) to his conviction of assault on a federal law enforcement officer (Count Three). Lawson argued that section 2A2.4 (Obstructing or Impeding Officers) should be applied instead; it would have yielded an offense level of eleven instead of twenty, and because Counts One and Three were grouped, the net effect would have been to lower his final offense level from twenty-seven to twenty-six.
 
 
 12
 On appeal, Lawson contends that the application of section 2A2.2, allegedly the wrong guideline, was a blatant error which will result in a serious injustice if uncorrected. However, it is not clear that section 2A2.2 was wrongly applied. Aggravated assault, as defined in application note 1 to section 2A2.2, is a felonious assault that involves (1) a dangerous weapon with intent to do bodily harm (i.e., not merely to frighten), or (b) serious bodily injury, or (c) an intent to commit another felony. Because Lawson's shotgun was unloaded, it cannot be said that the weapon was used with intent to harm the agent; the agent in fact was not injured.[2] However, the assault clearly involved an intent to commit another felony--the drug trafficking offense. Therefore, no blatant error occurred, and the district court did not err in refusing to reconsider the issue.
 
 
 13
 Lawson maintains that he received ineffective assistance of counsel in the first sentencing hearing in that his attorney failed to contest the amount of marijuana attributed to him and the use of section 2A2.2. He argues that this constitutes an extraordinary circumstance which gave the district court discretion to reopen these issues. We find that Lawson has not conclusively shown either ineffectiveness or any extraordinary circumstance.
 
 
 14
 Next, we hold that the district court's finding of perjury was adequate under Dunnigan. Before a defendant's sentence may be enhanced for obstruction of justice based on his perjured trial testimony, the sentencing court must make a determination that the defendant willfully gave false testimony under oath on a material matter. Dunnigan, 61 U.S.L.W. at 4183.
 
 
 15
 Lawson contends that the district court failed to find that his false testimony was material. However, the district court specifically found that Lawson's testimony that the agent shot him without provocation was material. Lawson's testimony that he did not know the purpose of the secret compartments was obviously material to his guilt or innocence of the charge of possession of marijuana with intent to distribute. Defense counsel did not attempt to argue otherwise, and we find that the district court's failure to specifically mention the materiality of this portion of Lawson's testimony does not undermine the adequacy of its determination of perjury.
 
 
 16
 Lawson further argues that the district court made no finding that encompassed all the factual predicates of perjury. Dunnigan requires that the sentencing court address each element of the alleged perjury or make "a finding of an obstruction or impediment of justice that encompasses all of the factual predicates of perjury." Dunnigan, 61 U.S.L.W. at 4183. The district court here sought to address each element of perjury concerning the specific testimony which it found to be deliberately false. Its findings adequately comply with the dictates of Dunnigan.
 
 
 17
 Last, we find no error in the district court's failure to provide tentative findings to the parties prior to the resentencing hearing. Guideline section 6A1.3, p.s. provides that in resolving disputed factors the district court should comply with Fed.R.Crim.P. 32(a)(1), notify the parties of its tentative findings, and provide an opportunity for the submission of objections before sentencing. The commentary clarifies the guideline by stating that the court should, "where appropriate," notify the parties of its tentative findings. This Court has found that tentative findings are not necessary in all cases. United States v. Walker, 901 F.2d 21, 22 (4th Cir.1990).
 
 
 18
 Lawson argues that he was prejudiced by the lack of tentative findings because the presentence report did not specify what portion of his testimony was allegedly false, and his new attorney was unable to respond adequately once the district court identified the testimony it found to be false. Lawson argues that his attorney could have made better arguments with advance warning of which parts of his testimony the court would find perjured. However, the issue to be considered on remand was not complex, and the portions of Lawson's testimony which were likely to be significant could be identified through a review of the trial transcript. The record of the sentencing reveals that defense counsel was familiar with Lawson's testimony and in fact succeeded in persuading the court that one of the three statements it initially relied on was not necessarily perjurious. Therefore, the lack of tentative findings was not error in this case.
 
 
 19
 The sentence imposed by the district court is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Foreseeability was not an issue in Lawson's case because Lawson was convicted of constructive possession with intent to distribute the whole amount of marijuana used to determine his offense level. Under section 1B1.3(a)(1), a defendant is accountable for his own actions (including drugs personally possessed) without regard to foreseeability
 
 
 [2]
 The government suggests that the guideline was correctly applied because Lawson sustained serious bodily injury, but this interpretation does not seem to comply with the intent of the guideline, which focuses on harm to the intended victim