68 F.3d 462
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Elizabeth A. STARR, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard A. FOCHT, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stephen A. FOCHT, Defendant-Appellant.
 Nos. 94-5897, 95-5147, 95-5148.
 No. 94-5867.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 21, 1995.
Decided Oct. 6, 1995.
 
 Appeals from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Chief District Judge. (CR-93-47)
 Michael S. Santa Barbara, STEPTOE & JOHNSON, Martinsburg, West Virginia; Thomas A. Bergstrom, Philadelphia, Pennsylvania; Stephen Jory, JORY & SMITH, L.C, Elkins, West Virginia, for Appellants. William D. Wilmoth, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 N.D.W.Va.
 AFFIRMED.
 Before RUSSELL, MURNAGHAN, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Richard Focht, Stephen Focht, and Elizabeth Starr were all named in a 92-count indictment charging various drug and firearms offenses and money laundering. Richard Focht pled guilty to conducting a continuing criminal enterprise, money laundering, and being a felon in possession of a firearm. He was convicted in a bench trial of using or carrying a firearm during a drug trafficking crime. 18 U.S.C.A. Sec. 924(c) (West Supp.1995). He appeals this conviction on the ground of insufficient evidence.
 
 
 2
 Stephen Focht pled guilty to conspiracy to possess marijuana with intent to distribute and money laundering. He appeals his 63-month sentence on the ground that the district court erred in denying him a reduction for acceptance of responsibility. United States Sentencing Commission, Guidelines Manual, Sec. 3E1.1 (Nov.1994).
 
 
 3
 Elizabeth Starr pled guilty to conspiracy to possess marijuana with intent to distribute, money laundering, and using or carrying a firearm during a drug trafficking crime. She appeals her 66-month sentence, alleging that the district court erroneously believed it lacked authority to depart for duress and coercion and failed to make tentative findings on the issue. USSG Secs. 5K2.12, 6A1.3 (Nov.1993). Finding no error, we affirm Richard Focht's conviction and the sentences imposed on Stephen Focht and Elizabeth Starr.
 
 
 4
 In 1987, Richard Focht bought a farm in Capon Bridge, West Virginia, with proceeds from prior marijuana sales. The property was nominally purchased by Focht's brother, Stephen Focht, and Stephen's wife, Susan. Richard Focht lived on the property with Elizabeth Starr, and pretended to rent from Stephen, who made the mortgage payments with money supplied by Richard from his marijuana business. Richard Focht grew marijuana on the farm and also bought marijuana in Arizona, all of which he sent to Pennsylvania for distribution. Stephen Focht gave financial advice to Richard during the purchase of the farm and possibly afterward.
 
 
 5
 In June 1989, Richard Focht learned that he was being sought by authorities in New Jersey for violation of probation. He turned himself in to avoid a visit from law enforcement personnel, and Starr paid his $20,000 bond from cash stored in a briefcase which was hidden in a barn on the West Virginia property. Focht returned to West Virginia but was later indicted in Pennsylvania for marijuana distribution.
 
 
 6
 On September 10, 1992, federal and state law enforcement officers came to Focht's farm to serve an arrest warrant. Six officers took up positions in the woods about 300 yards behind his house to prevent an escape; four more planned to execute the warrant by driving up to the house in a marked state police car. Almost as soon as the officers at the back of the house were in position, Focht appeared driving an all-terrain vehicle. He drove toward the house, then reappeared, walking quickly into the woods, armed with a semi-automatic rifle held in a ready position. As he approached several of the hidden officers, one of the other officers stepped into the open, identified himself as a state police officer and ordered Focht to drop his weapon. At that point, all the other officers also began to yell, "State police," and "Drop the gun." Instead, Focht took aim at the officer who was standing in the open. The officer shot Focht, wounding him in the hand and chest.
 
 
 7
 After the shot, Starr came out of the house with a semi-automatic rifle. Although she was repeatedly ordered to drop the weapon, she did not do so until Focht told her to put it down.
 
 
 8
 Twelve large marijuana plants were growing near Focht's house and a number of additional firearms were observed inside the house during a protective sweep. A search warrant was executed later the same day. Forty-five pounds of marijuana was found under a heavy tub in the yard, and a small amount of marijuana was drying in the house. Nine firearms were recovered. After Richard Focht's arrest, Stephen Focht came to the farm and removed about $80,000 in cash. He later collected a $10,000 drug debt owed to Richard Focht by one of his distributors. Starr received several thousand dollars from Stephen Focht at this time.
 
 I.
 
 9
 Richard Focht contends that his Sec. 924(c) conviction was not supported by sufficient evidence. The government was required to prove that (1) Focht knowingly used a firearm, (2) during and in relation to a drug trafficking crime. United States v. Paz, 927 F.2d 176, 179 (4th Cir.1991). The mere presence of a weapon by coincidence or accident is not enough; the phrase "in relation to" requires that the defendant's use of the firearm facilitate, further, or have the potential to further his drug trafficking. United States v. Sloley, 19 F.3d 149, 152 (4th Cir.), cert. denied, 62 U.S.L.W. 3861 (U.S.1994) (citing Smith v. United States, 61 U.S.L.W. 4503 (U.S.1993)).
 
 
 10
 At Focht's bench trial, Frank Cole testified that in June 1992 Focht bought approximately 100 pounds of marijuana from Poncho, his source in Arizona, at a price of $1000 a pound. In August, Cole and Poncho traveled to Focht's farm and collected about $50,000 in payment for the marijuana which had been sold to that point. There was also testimony about Focht's arrest on September 10, 1992. Focht presented no evidence, but argued that he had used and carried the rifle for self-defense while investigating intruders and that it had no relation to his drug trafficking.
 
 
 11
 The district court found that self-defense was not relevant to a Sec. 924(c) violation, citing Sloley, 19 F.3d at 153. The court then found that Focht had used and carried the rifle to protect the marijuana on his property, and had thus used and carried it in relation to a drug trafficking crime. The verdict must be sustained if, taking the view most favorable to the government, there is substantial evidence to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). We have no difficulty in finding that the evidence amply supports the verdict in this case.
 
 II.
 
 12
 Starr's version of the offense, contained in her presentence report, detailed Focht's mental and occasional physical abuse. Although no departure was recommended by the probation officer, Starr filed no objections. At her sentencing hearing, after the government requested a substantial assistance departure, Starr's attorney made an oral motion for a departure on the ground of duress and coercion. USSG Sec. 5K2.12. The district court found that Starr had been subjected to coercion and duress at times, but not continuously, and declined to depart on that ground. The court did depart for substantial assistance below the mandatory minimum sentence of 10 years to impose a 6-month sentence for the conspiracy and money laundering counts and a consecutive 5-year sentence for the firearm conviction.
 
 
 13
 A district court's decision not to depart is not reviewable on appeal unless it is based on a perception that the court lacks legal authority to depart. United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990); United States v. Hall, 977 F.2d 861, 863 (4th Cir.1992). While Starr contends that the district court must have erroneously believed that she was required to show duress and coercion amounting to a complete defense, the guideline clearly states otherwise. The record does not disclose any uncertainty on the part of the district court about its authority to depart. We therefore find that the court exercised its discretion in deciding not to depart.
 
 
 14
 Starr also argues that the court erred in failing to make tentative findings on the issue of coercion and duress prior to imposing sentence, so as to alert her to the level of severity necessary to obtain a departure. Tentative findings are not necessary in all cases. USSG Sec. 6A1.3, comment. (tentative findings should be made where appropriate); United States v. Walker, 901 F.2d 21, 22-23 (4th Cir.1990) (lack of tentative findings not error when defendant has opportunity to be heard on disputed issue). Given that Starr's motion was made at the last minute, that she had already made a full statement to the probation officer concerning Focht's treatment of her, and that she presented no further evidence at the sentencing hearing, we find that the lack of tentative findings does not require resentencing.
 
 III.
 
 15
 Stephen Focht maintains that the district court clearly erred in finding that he had failed to accept responsibility. USSG Sec. 3E1.1, comment. (n.1(a)). In his statement to the probation officer, Stephen Focht admitted knowing that Richard was selling marijuana, but he denied knowing "any specifics" of Richard's business or "the full extent of his activities at the farm." At his sentencing hearing, Stephen repeated this claim, testifying that Richard led him to believe that he quit the marijuana business to lead a simple life when the farm was purchased. Stephen asserted that he did not know that marijuana was being brought to the farm from Arizona until he saw the government's evidence following his indictment.
 
 
 16
 Stephen's representations were at odds with information from Starr that Stephen was well aware of the extent of Richard's marijuana operation, consulted with Richard frequently, and borrowed money from him regularly, although he remained at a distance from the ongoing activity. Moreover, Richard's telephone was in Stephen's wife's name; the bills were often paid by Stephen and included numerous long-distance charges. With this conflicting evidence before the court, we cannot say that its finding that Stephen had falsely denied certain relevant conduct was clearly erroneous.
 
 
 17
 Accordingly, the convictions and the sentences are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED