**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 96-4667

CALVIN D. LITTON,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-96-32)

Submitted: March 27, 1997

Decided: April 8, 1997

Before RUSSELL, LUTTIG, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Charleston, West Vir-
ginia, for Appellant. Rebecca A. Betts, United States Attorney, Philip
J. Combs, Assistant United States Attorney, Charleston, West Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Calvin D. Litton appeals the thirty-month sentence imposed upon his guilty plea to possession of an unregistered sawed-off shotgun, 26 U.S.C. § 5861(d) (1994). Litton contends that the district court clearly erred when it refused to grant him an adjustment for acceptance of responsibility, USSG § 3E1.1.*

Litton entered a bar in Charleston, West Virginia with a sawed-off shotgun. Witnesses stated that Litton removed the gun from beneath his jacket and laid it on the bar. The bar's manager placed the gun in the office, advising Litton that guns were not permitted in the bar. Litton then offered to trade the gun to the manager. When the manager refused, Litton threatened to open fire in the bar. The manager called police and refused to return the gun to Litton.

During the presentence investigation, Litton told the probation officer that he was intoxicated at the time of the offense. Litton claimed that he found the shotgun and jacket outside the bar. He said he entered the bar and asked someone if he knew who might have lost the gun.

At sentencing, the district court refused to give Litton an adjustment for acceptance of responsibility. The court based its refusal on the discrepancy between eyewitness accounts of events and Litton's version of what happened. The court found that Litton was not truthful with the probation officer in describing his participation in the offense. Given the discrepancy between the two accounts, the district court's refusal to give Litton the adjustment was not clearly erroneous.

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1995). Litton was sentenced on August 20, 1996.

2

Litton also contends that the district court should have given him advance notice that it did not intend to make the adjustment. While the guidelines provide that the court should notify the parties in advance of sentencing of its tentative findings regarding the presentence report, USSG § 6A1.3, p.s., tentative findings are not necessary in all cases. United States v. Walker, 901 F.2d 21, 22 (4th Cir. 1990). If the defendant has the opportunity at sentencing to present evidence and to be heard on objections to the presentence report, the district court's failure to provide the defendant with tentative findings is not reversible error. Id.; see also United States v. Francisco, 35 F.3d 116, 120-21 (4th Cir. 1994).

Litton's counsel received the presentence report prior to sentencing and was alerted to the discrepancy between what eyewitnesses had told the probation officer and Litton's version of events. At sentencing, counsel argued extensively in favor of the adjustment, claiming that any discrepancy between the eyewitnesses' and Litton's version of events was due to Litton's intoxication at the time of the offense. Under Francisco and Walker, there was no reversible error.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3