**UNITED STATES of America**

v.

**Francis NWANKWO.**

**Civil No. HNM–97–1301.
Criminal No. HAR–91–0308.**

United States District Court,
D. Maryland.

April 15, 1998.

---

Lynne A. Battaglia, U.S. Attorney for the District of Maryland, Brent J. Gurney and Stephen S. Zimmermann, Assistant U.S. Attorneys, Baltimore, MD, for U.S.

Cheryl A. Sturm, Westtown, PA, for Defendant.

## MEMORANDUM

MALETZ, Senior District Judge.[1]

Francis Nwankwo moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (1994) (current version at 28 U.S.C.A. § 2255 (West 1994 & Supp.1997)). The grounds for his motion are threefold. He contends that (1) his counsel was ineffective; (2) the government failed to disclose favorable evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); and (3) the court erred in determining his sentence. For the reasons set forth below, the court finds Nwankwo's contentions without merit and, accordingly, denies the motion.

### I.

### Background

A jury convicted Nwankwo of conspiring to import heroin, 21 U.S.C. § 963; conspiring to distribute heroin, 21 U.S.C. § 846; and importing heroin, 21 U.S.C. § 952(a). He was sentenced to a term of 262 months imprisonment, followed by five years of supervised

---

[1]. Of the United States Court of International Trade, sitting by designation.

release, and a special assessment of $150. His conviction and sentence were upheld on appeal, *United States v. Nwankwo*, No. 92–5811, 1993 WL 455188 (4th Cir. Nov.5, 1993) (unpublished), and the Supreme Court denied his petition for a writ of certiorari. *Nwankwo v. United States*, 510 U.S. 1184, 114 S.Ct. 1235, 127 L.Ed.2d 578 (1994).

## II.

### Ineffective Assistance of Counsel

 Nwankwo first raise several claims of ineffective assistance of counsel. Claims of ineffective assistance are analyzed under a two-prong test. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Nwankwo must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See id.* at 689, 694, 104 S.Ct. 2052. To satisfy the "prejudice" prong, he must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### A.

 Nwankwo first contends that his counsel rendered ineffective assistance by failing to inform him fully on the advisability of pleading guilty. He claims that his counsel failed to provide him "with a comparison between the sentence that would be imposed following a guilty plea and plea negotiations, and the sentence that would be imposed after trial." More specifically, he claims that his counsel "did not explain that the government would seek enhancements for role in the offense and hold him accountable for fictitious drugs if he stood trial and lost, but would not do any of that if he pleaded guilty" and "did not explain the significance of a downward adjustment for 'acceptance of responsibility.'"

To succeed on this claim, Nwankwo must show that, but for his attorney's failure to explain the comparative sentence exposure between standing trial and entering a plea of guilty, there is a "reasonable probability" that he would have pleaded guilty and that he therefore would have received a lesser sentence. *See Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. Nwankwo testified at trial and maintained his innocence of the crimes alleged in his trial testimony. He denied that he was a drug dealer, claimed that he was a legitimate businessman, and asserted that all of the government's witnesses were lying. In this motion, Nwankwo states that had he "been given a comparison of the sentencing range following a guilty plea and the sentencing range following trial, he would have opted to plead guilty in exchange for the reduced sentence." This self-serving, after-the-fact assertion concerning his wish to plead guilty is insufficient, by itself, to establish a "reasonable probability" that he would have pleaded guilty had he received better advice from counsel. *See Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

Because there is no credible evidence before the court to indicate that Nwankwo would have pleaded guilty but for his counsel's alleged failure to inform him about the "benefits" of a guilty plea, the court concludes that Nwankwo has failed to satisfy the "prejudice" requirement of the *Strickland* test. Accordingly, this claim must be rejected.

### B.

Nwankwo next argues that he was denied the effective assistance of counsel by his counsel's failure to request disclosure of favorable evidence under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). As discussed in part III, the court concludes that Nwankwo has not established a *Brady* violation. Therefore, he suffered no prejudice as a result of his counsel's alleged error and his claim of ineffective assistance fails.

### C.

 Nwankwo also contends that his counsel was ineffective for failing to challenge the government's vouching for the credibility of its witnesses. Vouching occurs "when the prosecutor's actions are such that a jury could reasonably believe that the prosecutor was indicating a personal belief in the credibility of the witness." *United States v. Lewis*, 10 F.3d 1086, 1089 (4th Cir.1993). "[T]he prosecutor may not ... make explicit personal assurances that a witness is trustworthy or implicitly bolster the witness by

indicating that information not presented to the jury supports the testimony." *Id.*

Here, Nwankwo challenges the prosecutor's eliciting on direct examination that government witnesses Daniel Ogidi and Allen Smallwood both promised to testify truthfully at trial and that these witnesses understood they would be subject to indictment for perjury if they testified falsely. The Fourth Circuit has found that this is not improper vouching. *See, e.g., United States v. Henderson,* 717 F.2d 135, 138 (4th Cir.1983) (no error in government's eliciting evidence of promise to testify truthfully made in plea agreement, whether or not defense intends to use plea agreement to impeach witness's credibility), *cert. denied,* 465 U.S. 1009, 104 S.Ct. 1006, 79 L.Ed.2d 238 (1984). Accordingly, counsel's failure to object to this testimony did not prejudice Nwankwo's defense.

Nwankwo also challenges the prosecutor's reference during his closing argument to the truth-telling provisions of a cooperating witness's plea agreement. The prosecutor stated: "What would a witness, a co-conspirator who has entered into an agreement with the government to testify truthfully in exchange for some benefit risk that agreement and risk extending his prison sentence for God knows how many more years by coming here and lying?" The prosecutor did not express a personal belief in the credibility of the witness or imply that information not presented to the jury supported the witness's testimony. The prosecutor argued that the plea agreement gave the witness a strong motivation to tell the truth. This argument is permissible. *See, e.g., United States v. Ricco,* 549 F.2d 264, 274 (2d Cir.), *cert. denied,* 431 U.S. 905, 97 S.Ct. 1697, 52 L.Ed.2d 389 (1977). Moreover, given the single statement at issue here, the promise to testify truthfully was not "disproportionately emphasized or repeated." *Henderson,* 717 F.2d at 138. Thus, the court concludes that the prosecutor's statement did not cross the line into improper vouching. Hence, counsel's failure to raise a specific challenge on this basis does not amount to ineffective assistance.

### D.

Nwankwo next argues that his attorney provided ineffective assistance because he failed to object to improper remarks made by the prosecutor during his closing argument. The test for reversible prosecutorial misconduct has two elements. A defendant must show (1) that the prosecutor's remarks were improper and (2) that they "prejudicially affected [his] substantial rights so as to deprive the defendant of a fair trial." *United States v. Adam,* 70 F.3d 776, 780 (4th Cir.1995).

In his closing argument, the prosecutor made the following statement: "In order to acquit Mr. Nwankwo and Mr. Uduko, you have to believe that a handful of federal agents are lying. Not only lying about little collateral details, but they're just completely making up that they had any conversations with Mr. Uduko...." These comments were improper. *See, e.g., United States v. Reed,* 724 F.2d 677, 681 (8th Cir.1984). In *Reed,* the prosecutor made the same argument—i.e., that the jury had to believe that government witnesses had lied in order to acquit Reed. The Eighth Circuit concluded that "[t]his form of argument is improper because it involves a distortion of the government's burden of proof." *Id.* at 681. *Accord United States v. Vargas,* 583 F.2d 380, 386–87 (7th Cir.1978) (prosecutor's equating of an acquittal with a finding that government agents were lying improper because it excludes the possibility that the jury may "return a verdict of not guilty because the evidence might not be sufficient to convict the defendant beyond reasonable doubt."). *See also United States v. Richter,* 826 F.2d 206, 209 (2d Cir.1987) ("prosecutors have been admonished time and again to avoid statements to the effect that, if the defendant is innocent, government agents must be lying").

Having concluded that the prosecutor's remarks were improper, the court next considers whether they deprived Nwankwo of a fair trial. Several factors are relevant to determining prejudice, including: (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were

deliberately placed before the jury to divert attention to extraneous matters. *Adam*, 70 F.3d at 780.

Here, the prosecutor's remarks could have misled the jury by giving it the impression that, in order to acquit, the jury must believe that the government agents lied. On the other hand, the remarks were isolated and not extensive; and there is no indication that they were "deliberately placed before the jury to divert attention to extraneous matters." The court gave general instructions on the nature of counsel's statements and on the government's burden to prove guilt beyond a reasonable doubt. Moreover, the evidence against Nwankwo was substantial, including testimony by four cooperating witnesses as well as statements made by him to a U.S. customs agent during an interrogation at Detroit's airport.

 On balance, the court concludes that the improper remarks did not substantially prejudice Nwankwo so as to deprive him of a fair trial. Accordingly, Nwankwo's claim that his counsel rendered ineffective assistance by failing to object to the prosecutor's remarks must be rejected.

### E.

 Nwankwo also contends that his counsel rendered ineffective assistance by failing to object to the court's venue instruction. The court instructed the jury on venue as follows: "the government need only prove that an act, committed by any member of the conspiracy, in furtherance of the conspiracy charged in the Superseding Indictment occurred in Maryland, for the defendant[ ] to be charged in Maryland." Nwankwo argues that because the federal drug conspiracy statute, 21 U.S.C. § 846, does not require proof of any overt acts in furtherance of the conspiracy, *United States v. Shabani*, 513 U.S. 10, 15, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994), venue is proper only in the district where the agreement was formed. The court disagrees.

 Under the holding of *Hyde v. United States*, 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114 (1912), venue in a conspiracy case is proper in the district in which the agreement was formed or in the district in which an overt act in furtherance of the conspiracy

was committed by one of the conspirators. While it is true that the conspiracy statute addressed by the Court in *Hyde* required proof of an overt act, the decision cites various common law rulings that had reached a similar result under a conspiracy offense that did not require proof of an overt act in addition to the unlawful agreement.

 Moreover, because conspiracy is a continuing offense, *Hyde*, 225 U.S. at 363, 32 S.Ct. 793, venue is proper "in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). Even though the offense under 21 U.S.C. § 846 is complete at the moment the agreement is made, in the sense that no overt act need be proved for conviction, it "continues", for purposes of venue, so long as any conspirator does an act in furtherance of the conspiracy. *See Hyde*, 225 U.S. at 365, 32 S.Ct. 793. *Accord United States v. Mayo*, 721 F.2d 1084, 1091 (7th Cir.1983) ("each time conspirators commit an overt act in furtherance of the conspiracy, they renew or continue their conspiratorial agreement").

By virtue both of 18 U.S.C. § 3237(a) and of the Supreme Court's decision in *Hyde*, the court concludes that venue for purposes of 21 U.S.C. § 846 lies not only in the district in which the agreement was formed, but also in any district where any overt act in furtherance of the conspiracy is committed. Accordingly, the court's venue instruction correctly stated the law and Nwankwo's claim that counsel was ineffective for failure to raise an objection fails for lack of prejudice.

### F.

 Finally, Nwankwo contends that his counsel erred by failing to request that the court issue tentative findings in advance of the sentencing hearing in accordance with section 6A1.3 of the Guidelines. That section provides:

The court shall resolve disputed sentencing factors in accordance with [Fed.R.Crim.P. 32(a)(1) ], notify the parties of its tentative findings and provide a reasonable opportu-

nity for the submission of oral or written objections before imposition of sentence. USSG § 6A1.3.

The Fourth Circuit recognizes, however, that the Guidelines do not "always" require tentative findings. *See, e.g., United States v. Francisco,* 35 F.3d 116, 120–21 (4th Cir. 1994), *cert. denied,* 513 U.S. 1133, 115 S.Ct. 950, 130 L.Ed.2d 893 (1995); *United States v. Walker,* 901 F.2d 21, 22 (4th Cir.1990).

Here, an addendum to the presentence report set forth Nwankwo's objections with respect to drug quantity and role in the offense. At the sentencing hearing, Nwankwo's counsel reiterated his objections to the presentence report at length. Both sides had an adequate opportunity to argue their positions and the court resolved each disputed sentencing factor before imposition of the sentence. Given these circumstances, the claim that counsel erred by failing to request that the court issue tentative findings is meritless.

### III.

#### Prosecutorial Misconduct

Nwankwo next raises a claim of prosecutorial misconduct. He alleges that the government failed to disclose favorable evidence in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Specifically, he claims that the government should have disclosed that "no cooperating witness has ever been prosecuted for perjury." He argues that this evidence could have been used to undermine the credibility of Daniel Ogidi and Allen Smallwood, government "cooperators" who testified that they understood they were subject to indictment for perjury for testifying falsely.

Nwankwo has offered nothing beyond speculation that the government never prosecutes cooperating witnesses for perjury. This is not enough to establish a *Brady* violation. *See, e.g., United States v. Crowell,* 586 F.2d 1020, 1029 (4th Cir.1978), *cert. denied,* 440 U.S. 959, 99 S.Ct. 1500, 59 L.Ed.2d 772 (1979). Even if the court were to assume that such evidence exists and that the defense would have used it in an attempt to impeach the testimony of Ogidi and Smallwood, Nwankwo's argument fails because he has not shown that the evidence is material.

Evidence is "material" when "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Kyles v. Whitley,* 514 U.S. 419, 115 S.Ct. 1555, 1565, 131 L.Ed.2d 490 (1995) (citing *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)).

And assuming again that the government had possessed evidence showing that no prosecutions are brought against cooperating witnesses who testify falsely, substantial evidence at trial established Nwankwo's role in the conspiracy. Beyond that, Nwankwo's counsel effectively pointed out that although Ogidi lied during a proffer session with the government and at his own trial, the government did not prosecute him for perjury. In addition, Smallwood's credibility was effectively challenged because the jury was made aware that he pleaded guilty to drug and firearm offenses and that he was potentially biased toward the government as a result of a plea agreement. Further, Smallwood testified that his organization killed witnesses, and that he "could blow their boys away" if anyone attempted to compete with him in the drug dealing business. He also admitted to having prior convictions for escape, assault, and possession with intent to distribute narcotics and testified that he "had to point fingers" and "had to give [the government] names" to obtain a sentence reduction.

Based on the totality of the circumstances, *see United States v. Kelly,* 35 F.3d 929, 936 (4th Cir.1994), the court finds that further impeachment of Ogidi and Smallwood, with evidence that the government has never brought a prosecution for perjury against a cooperating witness, would not, within a reasonable probability, have produced a different result. *See Bagley,* 473 U.S. at 682, 105 S.Ct. 3375.

### IV.

#### Sentencing Errors

Lastly, Nwankwo raises two errors that he alleges the court committed in determining his sentence.

## A.

First, Nwankwo challenges the court's determination with respect to drug quantity under the Sentencing Guidelines, claiming that "[t]here was no reliable evidence that 10–30 kilograms of heroin was within the scope of his conspiratorial agreement." *See* USSG § 2D1.1. This claim was fully considered and decided adversely to him on direct appeal. *See United States v. Nwankwo,* 10 F.3d 807, 1993 WL 455188, at *2 (4th Cir.1993) (unpublished). It is well settled that unless there has been an intervening change in the law, *Davis v. United States,* 417 U.S. 333, 342, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974), a claim that has been decided adversely to a defendant on direct appeal cannot be relitigated on collateral attack. *Boeckenhaupt v. United States,* 537 F.2d 1182, 1183 (4th Cir.), *cert. denied,* 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976).

## B.

Second, Nwankwo claims that the court erred in adjusting his base offense level upward three levels for his role as a "manager or supervisor" in the heroin conspiracy. *See* USSG § 3B1.1(b). Because he did not raise this specific challenge on direct appeal, the government argues that this claim is procedurally defaulted. A claim raised for the first time in a section 2255 motion generally is not reviewable unless a defendant demonstrates "both (1) 'cause' excusing his ... procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).

Nwankwo has not demonstrated "actual prejudice." The evidence at trial showed that he participated in arranging the sale of heroin to Smallwood, recruited Ogidi and Diane Jones to smuggle heroin from Singapore, and recruited Paul Atueyi and Anthony Orji to sell heroin in New York. This evidence is sufficient to support the three-level enhancement under USSG § 3B1.1(b).

## V.

### Conclusion

For the reasons stated, the court denies the motion.